Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
Cyrus E. Shahriari (SBN 292166)
  cyrus@pstrials.com
PIETZ & SHAHRIARI, LLP
9454 Wilshire Blvd., PH
Beverly Hills, CA 90212
Telephone (310) 424-5557

Adam C. Sherman (SBN 224979)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio  45202
Telephone:  (513) 723-4680
Facsimile:  (513) 852-8468
Email:  acsherman@vorys.com

Attorneys for Plaintiffs
DHC USA INCORPORATED and DHC CORPORATION

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DHC USA INCORPORATED, a California corporation, and DHC CORPORATION, a Japanese corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>RAINBOW BEAUTY COMPANY, a California corporation doing business on www.evecare.com and as "The Skin Store" on www.walmart.com, and JOHN DOES 1-10,<br><br>                Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR VIOLATION OF 15 USC § 1114; 15 USC § 1125(a); 15 USC § 1125(c); AND RELATED CLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs DHC USA Incorporated ("DHC USA") and DHC Corporation ("DHC Japan") (collectively, "Plaintiffs") bring this action against Defendant Rainbow Beauty Company ("Rainbow Beauty Company") (doing business on www.evecare.com and as "The Skin Shop" on www.walmart.com ("Walmart")) and John Does 1-10 ("Doe Defendants") (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; false advertising in violation of 15 U.S.C. § 1125(a)(1)(B); unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A); common law trademark infringement;   tortious interference with contracts; false advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*; and unfair competition in violation of Cal. Bus. & Prof. Code § 17200.   These claims arise from Defendants' misappropriation of Plaintiffs' trademarks in connection with Defendants' unlawful and unauthorized sale of materially different and, thus, non-genuine DHC-brand products on the Internet to unwitting customers.  In support of its complaint, Plaintiffs allege as follows:

## **PARTIES**

1.    DHC USA is a California corporation with its principal place of business located in Alameda, California.

2.    DHC Japan is a Japanese corporation with its principal place of business located in Tokyo, Japan.

3.    Rainbow Beauty Company is a California corporation with its principal place of business located at 5900 Dale Street, Buena Park, California 90621.  Rainbow Beauty Company is doing business online throughout the United States, including through www.evecare.com and through a storefront called "The Skin Shop" on Walmart.

4.    The true names, involvement and capacities, whether individual, corporate, associated or otherwise, of defendants Does 1 through 10 are unknown to Plaintiffs.  Therefore, Plaintiffs sue these defendants by a fictitious name.  Plaintiffs are informed and believe, and on that basis allege, that the Doe Defendants sued herein is responsible in some manner for the events and occurrences referred to herein or otherwise interested in the outcome of this dispute.  When the true names, involvement and capacities of these parties are ascertained, Plaintiffs will seek leave to amend this complaint accordingly.

## JURISDICTION

5.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367.  Plaintiffs' federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and Plaintiffs' claims arising under the laws of the State of California are substantially related such that they form part of the same case or controversy under Article III of the United States Constitution.

6.     This Court has personal jurisdiction because the Defendants reside in California and transact business in California, and thus have sufficient minimum contacts with the State of California.  The Defendants have also purposefully availed themselves of the privilege of conducting activities and causing a consequence in the State of California by, among other things, advertising and selling infringing products to consumers within California through one or more highly interactive commercial websites.  This Court also has personal jurisdiction over Defendants because they are intentionally engaging in infringing activities with the intent of causing injury to DHC USA, which they know is located in California.

## VENUE

7.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district or, in the alternative, because a Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### Plaintiffs & Their Trademarks

8.     DHC Japan is Japan's largest direct skincare company and a leading provider of skin care products around the world.  DHC Japan has been selling DHC products in the United States since 1997.

9.     DHC USA is the exclusive U.S. distributor for and a subsidiary of DHC Japan.

10.     Plaintiffs devote a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation.  As part of this effort, DHC USA distributes DHC products exclusively through specific trade channels, including but not

limited to select internet websites, proprietary catalogs, and authorized retail stores in the United States. By limiting the distribution of DHC products, DHC USA is better able to control the quality and integrity of DHC products. In the highly competitive beauty market, quality is a fundamental part of the consumer's decision to purchase a product.

11.    To promote and protect the DHC brand, DHC USA has registered numerous trademarks with the United States Patent and Trademark Office. These trademarks include, but are not limited to, DEEP CLEANSING OIL® (U.S. Trademark Registration No. 4,430,760) and VELVET SKIN COAT® (U.S. Trademark Registration No. 3,183,471) (collectively, the "DHC USA Registered Trademarks").

12.    DHC Japan owns the federal trademark registration for the DEEP CLEANSING OIL® design mark, (U.S. Trademark Registration No. 4, 248,559) and also the mark DHC® (U.S. Trademark Registration Nos. 2,188,062, 2,971,802, 3,149,324, and 3,184,193) (collectively, with the DHC USA Registered Trademarks, the "DHC Registered Trademarks"). DHC USA is the exclusive licensee, with the right to sublicense, the DEEP CLEANSING OIL design mark and the DHC® mark in the United States.

13.    The registration for each of the DHC Registered Trademarks is valid, subsisting, and in full force and effect. Pursuant to 15 U.S.C. § 1065, the DHC Registered Trademarks serve as conclusive evidence of Plaintiffs' ownership of the marks and of their exclusive right to use the marks in commerce and in connection with the sale and distribution of the DHC products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

14.    Plaintiffs actively use and market all of the DHC Registered Trademarks in commerce.

15.    Due to the quality and exclusive distribution of DHC products, and because Plaintiffs are recognized as the source of high quality products, the DHC Registered Trademarks have enormous value.

**Plaintiffs Exercise Strict Quality Controls Over the Production and Distribution of DHC Products and Provide a Guarantee for Products Purchased From Authorized Sellers**

16.    As DHC Japan's exclusive U.S. distributor, DHC USA is the only company that is authorized to import DHC Japan's products into the United States.

17.    To maintain quality controls over DHC products, DHC USA allows DHC products to be sold in the United States only by itself or through a network of authorized distributors ("Authorized Distributors").    Authorized Distributors are required to sell DHC products only to end users or authorized retailers within the United States.  DHC USA's ability to maintain quality controls is essential to the integrity and safety of DHC products, as well as to the value of the DHC Registered Trademarks.

18.    DHC USA requires Authorized Distributors to exercise various quality controls over DHC products.  Among other quality controls, DHC USA requires Authorized Distributors to promote DHC products, respond promptly to all customer inquiries, maintain the quality of the DHC products, and maintain websites and stores in a manner approved by DHC USA.

19.    DHC USA also provides customers who purchase DHC products through authorized chains of distribution with a 60-day money back guarantee (the "Guarantee"), to ensure that users of DHC USA's products are completely satisfied.

20.    The Guarantee does not apply to DHC products that are purchased by United States consumers but are not authorized for sale in the United States.

21.    The Guarantee also does not apply to products that are authorized for sale in the United States but are purchased from unauthorized sellers, unless otherwise prohibited by law.

22.    The DHC products that DHC USA sells contain localized, English instructions and U.S.-based customer support and contact information.  Many DHC products that are authorized for sale in other countries by DHC Japan contain instructions in other languages and contact information for customer support that is located in other countries and is not accessible from within the United States.

23.    Usage instructions are extremely important for DHC products sold by DHC USA, because the products do work as effectively if they are not properly used.

24.     DHC Japan's most popular and well-known product is its DEEP CLEANSING OIL facial cleanser and makeup remover (the "DEEP CLEANSING OIL Product"). The DEEP CLEANSING OIL Product dissolves dirt and cosmetics while nourishing the complexion with antioxidant-rich olive oil. Its unique water-soluble formula rinses completely and does not leave a greasy residue.

25.     The DEEP CLEANSING OIL® Product is manufactured by DHC Japan, which also manufactures other versions of this product for sale in different regions worldwide, including Japan. These regional versions are specially packaged with appropriate local language for that region. Only the U.S. version of the DEEP CLEANSING OIL® Product is authorized by DHC Japan for sale in the United States, through DHC USA and its Authorized Distributors.

26.     Usage instructions are particularly important for the DEEP CLEANSING OIL® Product because it is used very differently than most facial cleansers and makeup removers, and improper use significantly decreases the performance of the product and degrades the DHC brand and goodwill.

### Defendants' Sale of DHC USA Products on the Internet

27.     Defendants are not authorized to sell DHC products.

28.     From at least 2010 to the present, Defendants have been selling materially different DHC products on the Internet.

29.     In 2010, DHC USA discovered that DHC products were being sold on the website www.evecare.com. In June 2010, DHC USA sent a cease and desist letter to an address that was listed on the www.evecare.com website, demanding that www.evecare.com cease selling DHC products. Shortly after DHC USA's letter was delivered, DHC products were removed from www.evecare.com.

30.     In July 2015, DHC USA discovered that DHC products were being sold through a storefront on www.amazon.com ("Amazon") called "FedBeauty Express." These products included the DEEP CLEANSING OIL® Product and also DHC Acerola Extract.

31.     On July 22, 2015, DHC USA, through counsel, sent a cease and desist letter through Amazon's messaging service to the "FedBeauty Express" storefront demanding the

removal of all DHC products. No response was received, and DHC products were not removed from the "FedBeauty Express" storefront.

32. To obtain information regarding the individual(s) and entity(ies) operating the "FedBeauty Express" storefront, DHC USA coordinated the purchase of a product from the storefront in late July 2015.

33. Based on the return address listed on the package used to ship the product purchased from the "FedBeauty Express" storefront, as well as additional information obtained through the transaction, DHC discovered that the storefront was operated by the same individual(s) and entity(ies) that operated www.evecare.com.

34. On August 5, 2015, DHC USA sent a cease and desist letter to the mailing address for www.evecare.com and also to the addresses of two individuals who were publicly identified as the registrants for www.evecare.com. The letter demanded that evecare.com cease selling DHC products through the "FedBeauty Express" Amazon storefront.

35. On August 6, 2015, one of the two registrants for www.evecare.com, Charles Chun, contacted the attorneys for DHC USA. Chun represented that he no longer worked for "evecare" and recommended email addresses for two individuals to whom the cease and desist letter should be sent. On August 6, 2015, DHC USA sent cease and desist letters to the two email addresses that had been provided by Chun.

36. DHC USA did not receive any response to its August 6, 2015 letter or any further response to its August 5 letter. In the following days, however, DHC products were removed from the "FedBeauty Express" Amazon storefront.

37. In April 2016, DHC USA discovered that DHC products were being sold through a storefront on www.ebay.com ("eBay") called "ezcare09." On April 13, 2016, DHC USA, through counsel, sent a cease and desist letter through eBay's messaging service to the "ezcare09" storefront demanding the removal of all DHC products. No response was received, and DHC products were not removed from the "ezcare09" storefront.

38.    To obtain information regarding the individual(s) and entity(ies) operating the "ezcare09" eBay storefront, DHC USA coordinated the purchase of a product from the storefront in May 2016.

39.    Based on payment information that was obtained through the transaction, DHC USA identified Rainbow Beauty Company as the seller of the purchased product.  The return address listed on the package of the product and additional information obtained through the transaction also revealed that www.evecare.com was connected to the sale of the DHC product through the "ezcare09" eBay storefront.

40.    Through additional investigation, DHC USA discovered that Rainbow Beauty Company is located at the same location as the mailing address for www.evecare.com.  DHC USA also learned that an individual named Seung Chun is the chief executive officer of Rainbow Beauty Company.  Additionally, DHC USA found websites affiliated with Rainbow Beauty Company that referenced www.evecare.com.  For all of these reasons, as well as the payment information revealing that Rainbow Beauty Company had sold a product through the "ezcare09" eBay storefront, DHC USA determined that Rainbow Beauty Company owns and/or operates www.evecare.com, the "FedBeauty Express" Amazon storefront, and the "ezcare09" eBay storefront.

41.    In the weeks following DHC USA's May 2016 product purchase, DHC products were removed from the "ezcare09" eBay storefront.  In December 2016, however, DHC USA discovered that DHC products were again being listed for sale on the "FedBeauty Express" Amazon storefront.  On December 13, 2016, DHC USA sent another cease and desist letter to physical addresses for www.evecare.com and Rainbow Beauty Company.  The letter noted that DHC USA had identified Rainbow Beauty Company as the operator of the "excare09" eBay storefront and "FedBeauty Express" Amazon storefront, and demanded that Rainbow Beauty Company cease selling DHC products through all online channels.

42.    DHC USA did not receive any responses to its letter, but in the following days DHC products were removed from the "FedBeauty Express" Amazon storefront.

43.    In February 2018, DHC USA discovered that DHC products were being sold through a storefront on Walmart called "The Skin Store."  Through investigation, DHC USA determined that this storefront is yet another online storefront operated by Rainbow Beauty Company.

44.    In February 2018, DHC USA coordinated the purchase of a DEEP CLEANSING OIL® product from "The Skin Store."  The product that was received was a Japanese version of the DEEP CLEANSING OIL® product, which is authorized by DHC Japan to be sold only in Japan.  The product included instructions and other information in Japanese rather than in English, as shown below in pictures that were taken of the instructions and accompanying materials:

  

45.    On March 8, 2018, DHC USA sent a cease and desist letter to physical addresses for Rainbow Beauty Company and Seung Chin, demanding that products be removed from the Walmart storefront "The Skin Shop."  The letter also noted that DHC USA had sent many previous letters to Rainbow Beauty Company regarding sales of non-genuine DHC products through other websites, including Amazon and eBay.

46.     DHC USA did not receive any response to its letter, but the listings of DHC products on "The Skin Shop" were changed to indicate that the products were "out of stock." The listings themselves, however, were not removed.   On March 30, 2018, DHC USA sent another letter to Rainbow Beauty Company and Seung Chin demanding that listings of DHC products be permanently removed from "The Skin Shop."  To date, DHC USA has not received any response to this letter and listings of DHC product listings have not been removed from "The Skin Shop."

47.     Additionally, in April 2018 DHC USA discovered that DHC products were again being sold by Rainbow Beauty Company on www.evecare.com.  The below screenshot, which was taken on April 20, 2018, shows a DEEP CLEANSING OIL® product listed for sale on www.evecare.com:



**Defendants' Illegal Sale of DHC Products**

48.    Defendants, without authorization from Plaintiffs, have sold—and are currently selling—products bearing the DHC Registered Trademarks through various online channels, including on www.evecare.com, Amazon, eBay, and Walmart.  On information and belief, Defendants are also selling DHC products through other channels.

49.    The products Defendants are selling are not genuine DHC products because, among other reasons, they are not authorized for sale by Plaintiffs in the United States, they are not properly labeled for sale in the United States, they have instructions and accompanying materials in non-English, they are ineligible for the Guarantee offered by DHC USA, and they are not subject to and do not abide by DHC USA's quality controls because they are not sold by Authorized Distributors with the training and expertise to properly handle and store DHC products and instruct customers on how to use DHC products.

50.    The DHC products that Defendants are selling to United States consumers through Walmart and, on information and belief, through other channels, are DHC products that are not authorized for sale in the United States and do not include information or usage instructions in English.  It is particularly important that consumers are able to follow instructions for proper usage of the DEEP CLEANSING OIL® Product, because this product is not used in the same manner as most facial cleansers and makeup removers.  Specifically, the DEEP CLEANSING OIL® Product must be used with dry hands on a dry face.  If these directions are not followed, the product does not work as advertised and will provide poor results for consumers, causing serious harm to Plaintiffs' reputation and goodwill.

51.    As a result, through their unauthorized use of the DHC Registered Trademarks, Defendants have misled—and continue to mislead—consumers into believing they are purchasing products with the same quality controls and customer benefits as DHC USA products.  In reality, however, the products sold by Defendants are materially different from genuine and authentic DHC products.

**Plaintiffs Have Suffered Significant Harm As A Result of Defendants' Conduct**

52.     As a proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, irreparable harm to their quality control procedures, to the DHC Registered Trademarks, and to the goodwill associated with the DHC brand.

53.     Defendants' conduct is knowing, intentional, willful, malicious, wanton, and contrary to law.

54.     Plaintiffs are entitled to injunctive relief because Defendants will otherwise continue to sell products bearing the DHC Registered Trademarks that are not intended for sale in the United States and that are materially different from DHC products sold by Authorized Distributors. Defendants' ongoing illegal conduct has caused and will continue to cause irreparable harm to Plaintiffs' goodwill; and has caused and will continue to cause irreparable harm to the goodwill associated with the DHC brand and significant consumer confusion.

## FIRST CAUSE OF ACTION
### Trademark Infringement – 15 U.S.C. § 1114

55.     Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

56.     Plaintiffs are the owner and licensee of the DHC Registered Trademarks.

57.     Plaintiffs have registered the DHC Registered Trademarks with the United States Patent and Trademark Office.

58.     The DHC Registered Trademarks are valid and subsisting trademarks in full force and effect.

59.     Defendants willfully and knowingly used, and continue to use, the DHC Registered Trademarks in commerce for the purpose of selling DHC products on the Internet without Plaintiffs' consent.

60.     The products Defendants sell bearing the DHC Registered Trademarks are not authorized for sale by Plaintiffs.

61.     Defendants' use of the DHC Registered Trademarks in connection with their unauthorized sale of products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are the same as products legitimately bearing the DHC Registered Trademarks, and originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiffs.

62.     Defendants' use of the DHC Registered Trademarks in connection with their sale of DHC products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic DHC products.

63.     The products sold by Defendants are not, in fact, genuine and authentic DHC brand products.  The products sold by Defendants are materially different because, among other reasons, they are not authorized for sale by Plaintiffs in the United States, they are not properly labeled for sale in the United States, they have instructions and accompanying materials in non-English, they are ineligible for the Guarantee offered by DHC USA, and they are not subject to and do not abide by DHC USA's quality controls because they are not sold  by Authorized Distributors with the training and expertise to properly instruct customers on how to use DHC products.

64.     Defendants' unauthorized use of the DHC Registered Trademarks has materially damaged the value of the DHC Registered Trademarks, caused significant damage to Plaintiffs' business relations, and infringed on the DHC Registered Trademarks.

65.     As a proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

66.     Plaintiffs are entitled to recover their damages caused by Defendants' infringement of the DHC Registered Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

67.     Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendants' infringement and, unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm.

68.     Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the DHC Registered Trademarks.

## SECOND CAUSE OF ACTION
### False Advertising – 15 U.S.C. § 1125(a)(1)(b)

69.     Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

70.     Plaintiffs are the owner and licensee of the DHC Registered Trademarks.

71.     Plaintiffs have registered the DHC Registered Trademarks with the United States Patent and Trademark Office.

72.     The DHC Registered Trademarks are valid and subsisting trademarks in full force and effect.

73.     Defendants willfully and knowingly used, and continue to use, the DHC Registered Trademarks in interstate commerce, including through their product listings on Walmart, Amazon, eBay, and www.evecare.com, for the purpose of advertising, promoting, and selling products bearing the DHC Registered Trademarks  without the consent of DHC USA.

74.     Defendants' advertisements and promotions of their products unlawfully using the DHC Registered Trademarks have been disseminated to the relevant purchasing public through interstate commerce.

75.     In their listings on the Unauthorized Websites, Defendants willfully and knowingly used the DHC Registered Trademarks in commerce with the sale and advertising of products without the consent of DHC.

76.     Defendants' use of the DHC Registered Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive a substantial amount of consumers because it falsely suggests that the products offered for sale by Defendants are genuine and authentic and properly labeled products, and originate

from, or are sponsored by, authorized by, or otherwise connected with Plaintiffs when they are not.

77.     Defendants' use of the DHC Registered Trademarks in connection with the unauthorized sale and advertising of products is likely to influence the purchasing decision of consumers considering whether to buy DHC products.

78.     Defendants' unauthorized use of the DHC Registered Trademarks in advertising, and otherwise, infringes on the DHC Registered Trademarks.

79.     As a proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

80.     Plaintiffs are entitled to recover their damages caused by Defendants' infringement of the DHC Registered Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

81.     Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendants' infringement and, unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm.

82.     Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the DHC Registered Trademarks.

**THIRD CAUSE OF ACTION**
**Unfair Competition – 15 U.S.C. § 1125(a)**

83.     Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

84.     Plaintiffs are the owner and licensee of the DHC Registered Trademarks.

85.     Plaintiffs have registered the DHC Registered Trademarks with the United States Patent and Trademark Office.

86.     The DHC Registered Trademarks are valid and subsisting trademarks in full force and effect.

87.     Defendants willfully and knowingly used, and continue to use, the DHC Registered Trademarks in commerce for the purpose of selling DHC products on the Internet without Plaintiffs' consent.

88.     The products Defendants sell bearing the DHC Registered Trademarks are not authorized for sale by Plaintiffs.

89.     Defendants' use of the DHC Registered Trademarks in connection with their unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent consumers as to the affiliation, connection, association, sponsorship, or approval of DHC products because it suggests that the products Defendants offer for sale are genuine DHC products when they are not.

90.     Defendants' use of the DHC Registered Trademarks in connection with their unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent consumers as to the affiliation, connection, association, sponsorship, or approval of DHC products because it suggests that the products Defendants offer for sale are sponsored by, authorized by, approved by, or otherwise connected with Plaintiffs when they are not.

91.     Defendants' unauthorized sale of products bearing the DHC Registered Trademarks and unauthorized use of the DHC Registered Trademarks in advertising infringes on the DHC Registered Trademarks.

92.     Defendants' unauthorized sale of products bearing the DHC Registered Trademarks and unauthorized use of the DHC Registered Trademarks in advertising has materially damaged the value of the DHC Registered Trademarks and has caused significant damages to Plaintiffs' business relations.

93.     As a proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

94.    Plaintiffs are entitled to recover their damages caused by Defendants' infringement of the DHC Registered Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

95.    Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendants' infringement and, unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm.

96.    Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the DHC Registered Trademarks.

## FOURTH CAUSE OF ACTION
### Common Law Trademark Infringement

97.    Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

98.    This claim arises under the laws of the State of California.

99.    Plaintiffs are the owner and licensee of the DHC Registered Trademarks.

100.    Plaintiffs have registered the DHC Registered Trademarks with the United States Patent and Trademark Office.

101.    The DHC Registered Trademarks are valid and subsisting trademarks in full force and effect.

102.    Defendants willfully and knowingly used, and continue to use, the DHC Registered Trademarks in commerce for the purpose of selling DHC products on the Internet without Plaintiffs' consent.

103.    The products Defendants sell bearing the DHC Registered Trademarks are not authorized for sale by Plaintiffs.

104.    Defendants' use of the DHC Registered Trademarks in connection with their unauthorized sale of products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are the same as products

legitimately bearing the DHC Registered Trademarks, and originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiffs.

105.    Defendants' use of the DHC Registered Trademarks in connection with their sale of DHC products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic DHC products.

106.    The products sold by Defendants are not, in fact, genuine and authentic DHC brand products.  The products sold by Defendants are materially different because, among other reasons, they are not authorized for sale by Plaintiffs in the United States, they are not properly labeled for sale in the United States, they have instructions and accompanying materials in non-English, they are ineligible for the Guarantee offered by DHC USA, and they are not subject to and do not abide by DHC USA's quality controls because they are not sold  by Authorized Distributors with the training and expertise to properly instruct customers on how to use DHC products.

107.    Defendants' unauthorized use of the DHC Registered Trademarks has materially damaged the value of the DHC Registered Trademarks, caused significant damage to Plaintiffs' business relations, and infringed on the DHC Registered Trademarks.

108.    As a proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

109.    Plaintiffs are entitled to recover their damages caused by Defendants' infringement of the DHC Registered Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

110.    Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Defendants' infringement and, unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm.

111.    Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the DHC Registered Trademarks.

## FIFTH CAUSE OF ACTION
### Tortious Interference with Contracts

112.    Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

113.    This claim arises under the laws of the State of California.

114.    DHC USA has a contractual relationship with its Authorized Distributors, which sell DHC products.

115.    DHC USA's contracts with its Authorized Distributors prohibit Authorized Sellers from selling DHC products to individuals or entities that are not authorized retail outlets or end users.

116.    Defendants had knowledge of DHC USA's contracts and business relationships with Authorized Distributors.    Additionally, DHC USA informed Defendants via cease-and-desist letters that its contracts with Authorized Distributors prohibit the sale of DHC products to entities, such as Rainbow Beauty Company, that are not end users and intend to resell the products outside of Plaintiffs' authorized channels of distribution.

117.    Defendants intentionally interfered with the business relationship and contracts between DHC USA and its Authorized Distributors by, among other ways, purchasing products from Authorized Distributors for the purpose of reselling the products online, without Plaintiffs' permission.

118.    By encouraging and providing the means by which Authorized Distributors may conduct unauthorized sales of DHC products on the Internet, Defendants have solicited and directly caused the breach of DHC USA's contracts with its Authorized Distributors.

119.    Defendants have no legal right, privilege or justification for their conduct.

120.    As a direct and proximate result of Defendants' intentional interference with DHC USA's contracts, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury.

121.    Defendants' acts were willful, malicious, oppressive, and undertaken with the conscious intent to deprive Plaintiffs of their rights and property, thereby entitling Plaintiffs to

exemplary damages in addition to all other damages sustained thereby.

## **SIXTH CAUSE OF ACTION**
### **False Advertising in Violation of Business & Professions Code § 17500, *et seq.***

122.    Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

123.    This claim arises under the laws of the State of California.

124.    Plaintiffs are the owner and licensee of the DHC Registered Trademarks.

125.    Plaintiffs have registered the DHC Registered Trademarks with the United States Patent and Trademark Office.

126.    The DHC Registered Trademarks are valid and subsisting trademarks in full force and effect.

127.    Defendants willfully and knowingly used, and continue to use, the DHC Registered Trademarks in interstate commerce, including through their product listings on Walmart, Amazon, eBay, and www.evecare.com, for the purpose of advertising, promoting, and selling products bearing the DHC Registered Trademarks without the consent of DHC USA.

128.    Defendants' advertisements and promotions of their products unlawfully using the DHC Registered Trademarks have been disseminated to the public of California.

129.    In their listings on the Unauthorized Websites, Defendants willfully and knowingly used the DHC Registered Trademarks in commerce with the sale and advertising of products without the consent of DHC.

130.    Defendants' use of the DHC Registered Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive members of the public of California because it falsely suggests that the products offered for sale by Defendants are genuine and authentic and properly labeled products, and originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiffs when they are not.

131.    Defendants' knew or should have known that their use of the DHC Registered Trademarks in connection with the unauthorized sale and advertising of products was likely to mislead and deceive members of the California public.

132.    Defendants' unauthorized use of the DHC Registered Trademarks in advertising, and otherwise, infringes on the DHC Registered Trademarks.

133.    Defendants' actions constitute false advertising in violation of Cal. Bus. & Prof. Code §17500, *et seq.*

134.    As a result of Defendants' unlawful actions, Plaintiffs have suffered, and continue to suffer, irreparable harm.  Plaintiffs have also suffered, and continue to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

135.    Plaintiffs are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17535 because they have no adequate remedy at law for Defendants' infringement and unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm.

136.    Plaintiffs are entitled to restitution under Cal. Bus. & Prof. Code § 17535.

137.    Plaintiffs are entitled to recover cumulative civil penalties under Cal. Bus. & Prof. Code §§ 17536 and 17534.5.


**SEVENTH CAUSE OF ACTION**
**Unfair Competition in Violation of Business & Professions Code § 17200, *et seq.*,**

138.    Plaintiffs re-allege and incorporate the allegations set forth in the foregoing paragraphs as if fully set forth herein.

139.    This claim arises under the laws of the State of California.

140.    Plaintiffs are the owner and licensee of the DHC Registered Trademarks.

141.    Plaintiffs have registered the DHC Registered Trademarks with the United States Patent and Trademark Office.

142.    The DHC Registered Trademarks are valid and subsisting trademarks in full force and effect.

143.    Defendants willfully and knowingly used, and continue to use, the DHC Registered Trademarks in commerce for the purpose of selling DHC products on the Internet without Plaintiffs' consent.

144.    The products Defendants sell bearing the DHC Registered Trademarks are not authorized for sale by Plaintiffs.

145.    Defendants' use of the DHC Registered Trademarks in connection with their unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent consumers as to the affiliation, connection, association, sponsorship, or approval of DHC products because it suggests that the products Defendants offer for sale are genuine DHC products when they are not.

146.    Defendants' use of the DHC Registered Trademarks in connection with their unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent consumers as to the affiliation, connection, association, sponsorship, or approval of DHC products because it suggests that the products Defendants offer for sale are sponsored by, authorized by, approved by, or otherwise connected with Plaintiffs when they are not.

147.    Defendants' obtaining of DHC products through unlawful means and subsequent distribution or sale of the products constitutes an unfair and/or fraudulent business practice, as described in California Business & Professions Code § 17200 *et seq.* as these actions are likely to deceive and mislead the public.

148.    As a result of Defendants' unlawful actions, as alleged hereinabove, Plaintiffs have suffered, and continue to suffer, irreparable harm.  Plaintiffs have also suffered, and continue to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

149.    Plaintiffs are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203 because they have no adequate remedy at law for Defendants' infringement and unless Defendants are permanently enjoined, Plaintiffs will suffer irreparable harm

150.    Plaintiffs are entitled to recover civil penalties under Cal. Bus. & Prof. Code

§ 17206.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A.    Judgment in favor of Plaintiffs and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    A permanent injunction enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

    i)    Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all DHC products,

    ii)    Prohibiting the Enjoined Parties from using any of the DHC Registered Trademarks in any manner, including advertising on the Internet,

    iii)    Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all DHC products as well as any products bearing any of the DHC Registered Trademarks,

    iv)    Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the DHC Registered Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks,

    v)    Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of DHC's products, or any of the DHC Registered Trademarks,

    vi)    Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the DHC

Registered Trademarks which associate DHC's products or the DHC Registered Trademarks with the Enjoined Parties or the Enjoined Parties' websites,

vii)    Requiring the Enjoined Parties to take all action to remove the DHC Registered Trademarks from the Internet, including from the websites www.evecare.com, www.walmart.com, www.amazon.com, and www.ebay.com; and

C.    An award of attorneys' fees, costs, and expenses.

D.    Such other and further relief as the Court deems just, equitable and proper.


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury of all issues so triable.


Dated:                              Respectfully submitted,

                                    */s/ Morgan E. Pietz*

                                    PIETZ & SHAHRIARI, LLP
                                    Morgan E. Pietz
                                    Cyrus E. Shahriari

                                    And

                                    VORYS, SATER, SEYMOUR AND PEASE LLP
                                    Adam C. Sherman

                                    **Attorneys for Plaintiffs DHC USA Incorporated and DHC Corporation**

COMPLAINT - 24